[ECF No. 3]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SARA ROE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PENNS GROVE-CARNEY'S POINT REGIONAL SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Civil No. 24-10827 (CPO)(EAP) |

## MEMORANDUM ORDER

This matter having come before the Court by way of Plaintiff's Motion to Seal and to Proceed with Use of Pseudonyms, ECF No. 3; and Defendants having filed no opposition; and the Court deciding this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1; and for good cause shown, the Court finds the following:

**A.　Factual Background**

1.　According to the Complaint, Plaintiff Christine Roe and her siblings Michael, Gina, and Andrea Roe, were students at Defendant Penns Grove-Carney's Point Regional School District ("Penns Grove") in December 2022.  ECF No. 1 (Compl.) ¶¶ 5-6.  Plaintiffs Sara and Roland Roe are their parents.  *Id.* ¶ 5.

2.　Plaintiffs allege that two other students, Defendants Edward Doe and Liam Doe, gained access to an unoccupied classroom and forced Plaintiff Christine Roe to perform intimate sexual acts while recording her without consent or knowledge.  *Id.* ¶¶ 34-36.  The video was then

broadcast over the internet, resulting in Christine Roe's mental breakdown and attempted suicide. *Id.* ¶¶ 38-41.

3. As a result of the video, other members of Christine Roe's family—Plaintiffs Sara Roe, Roland Roe, Michael Roe, Andrea Roe, and Gina Roe—suffered psychological harm and were harassed by other students at Penns Grove. *Id.* ¶¶ 46-50.

4. Plaintiffs sought assistance from the Defendant employees of Penns Grove, but according to the Complaint, Defendants failed to take action to protect the family. *Id.* ¶ 51.

5. Plaintiffs allege that Defendants Abner Mendoza, Principal at Penns Grove; Anwar Golden, Assistant Principal at Penns Grove; and Jason Brice, Guidance Counselor at Penns Grove, began a campaign to harass Michael Roe, Christine Roe's brother, in retaliation for Plaintiffs' requests, and they failed to take action to protect the Roe children from further harassment and bullying. *Id.* ¶¶ 11, 13, 15, 52-53. These actions allegedly led to physical assaults of Michael Roe. *Id.* ¶ 54.

6. Additionally, according to Plaintiffs, Defendants Edward Doe and Liam Doe continued to subject the Roe family to social media harassment, physical abuse, and verbal harassment. *Id.* ¶ 55.

7. The Roes complained to teachers and administrators at Penns Grove to stop the harassment, but Defendants allegedly did nothing. *Id.* ¶ 57. The Complaint further alleges that Defendant Superintendent Zenaida Cobain was aware of the other Defendants' conduct but "did not appropriately respond." *Id.* ¶¶ 17, 58.

8. Although parents Sara and Roland Roe demanded accommodations for their children, Christine Roe, Michael Roe, Gina Roe, and Andrea Roe continued to be harassed and were unable to continue in public school. *Id.* ¶¶ 65-66.

9. Plaintiffs allege that under Superintendent Cobain's leadership, Penns Grove has "fostered a hostile learning environment towards persons of biracial background" and "persons of child sexual abuse." *Id.* ¶¶ 68-69.

10. On November 29, 2024, Plaintiffs filed a Complaint against Defendants Penns Grove, Zenaida Cobain, Abner Mendoza, Anwar Golden, Jason Brice, Edward Doe, Liam Doe, and various other Doe Defendants, alleging the following causes of action: (1) violation of 15 U.S.C. § 6851, civil action relating to disclosure of intimate images (Count Two),[1] *id.* ¶¶ 89-99; (2) sexual abuse/battery (Count Three), *id.* ¶¶ 100-102; (3) "extreme and outrageous conduct" that "shocked the conscious" (Count Four), *id.* ¶¶ 103-109; (4) negligence/gross negligence (Count Five), *id.* ¶¶ 110-14; (5) failure to monitor and supervise children (Count Six), *id.* ¶¶ 115-22; (6) gender/sex-based harassment (Count Seven), *id.* ¶¶ 123-41; (7) violation of the New Jersey Law Against Discrimination, 42 U.S.C. § 1983, Title IX, the New Jersey Constitution, and common law against harassment and bullying in a place of public accommodation (*i.e.*, a public school) (Count Eight), *id.* ¶¶ 142-45; (8) violation of the Equal Protection Clause of the Fourteenth Amendment (Count Nine), *id.* ¶¶ 146-52; (9) violation of 20 U.S.C. § 1681(a), Title IX, (Count Ten), *id.* ¶¶ 153-64; (10) violation of procedural and substantive rights guaranteed under N.J.S.A. 18A:46-1, *et seq.* and the New Jersey Department of Education's Special Education regulations at N.J.A.C. 6A:14-1.1, *et seq.* (Count Eleven), *id.* ¶¶ 165-73; and (11) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131(2), *id.* ¶¶ 174-80.

11. On December 2, 2024, Plaintiff moved for an order to seal the verification in support of the Complaint and proceed with the use of pseudonyms. *See* ECF No. 3. Defendants did not oppose the motion but "because a motion for leave to proceed under pseudonym intrudes on the

---

[1] Count One is a request for leave to proceed by way of pseudonym, which is not an independent cause of action. *Id.* ¶¶ 71-88.

public's right of access to judicial proceedings, the Court cannot grant the motion as unopposed without further analysis." *Doe v. Drexel Univ.*, No. 23-3555, 2023 WL 8373166, at *1 (E.D. Pa. Dec. 4, 2023).

**B.     Legal Standard**

12.     "'[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Federal Rule of Civil Procedure 10(a) encompasses that principal by "requir[ing] parties to a lawsuit to identify themselves in their respective pleadings." *Id.* at 408 (citing Fed. R. Civ. P. 10(a); *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). "[A] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

13.     Nonetheless, courts have recognized that "in exceptional cases," a party may proceed anonymously. *Id.* "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality,'" *id.* at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)), as well as "cases involving victims of sexual assault," *Doe v. Princeton Univ.*, No. 20-4352, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020) (citations omitted).

14.     The Third Circuit Court of Appeals has set forth a "non-exhaustive, multi-factor test" to be employed in determining whether a plaintiff's "reasonable fear of severe harm" merits an exception to "'the public's common law right of access to judicial proceedings.'" *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021) (quoting *Megless*, 654 F.3d at 408)). The factors in favor of anonymity include:

> (1) The extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Coll. of N.J.*, 997 F.3d at 495 (quoting *Megless*, 654 F.3d at 409).

15. The factors advising against anonymity include:

> (1) The universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Megless*, 65 F.3d at 409).

16. Ultimately, "[t]he *Megless* factors require a fact-specific, case-by-case analysis." *Id.* "Decisions regarding whether to allow a party to proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Homesite Ins. Co. of the Midwest v. Ewideh*, No. 22-1664, 2023 WL 426923, at *2 (M.D. Pa. Jan. 26, 2023).

**C.     Analysis**

17. Applying the above standard, the Court finds that the *Megless* factors substantially weigh in favor of granting Plaintiff's Motion to Proceed Anonymously.

18. Turning initially to the factors advising in favor of anonymity, the Court must <u>first</u> consider the extent to which the identities of the Plaintiffs have been kept confidential. *Megless*, 654 F.3d at 409. Plaintiffs contend that they "have gone through great lengths to maintain confidentiality

5

by filing the Complaint with pseudonyms to protect the identities of all minors involved in the action." ECF No. 3-1 (Pls.' Mem.) at 4. Nothing in the record before the Court suggests that Plaintiffs have ever publicly disclosed their identities in connection with this matter. As such, this factor weighs in favor of Plaintiffs' requested relief.

19. **Second**, Plaintiffs have established a reasonable fear of harm from the public disclosure of their names. Courts in the Third Circuit have repeatedly allowed victims of sexual assault to proceed under a pseudonym due to a reasonable fear of harm from disclosure of their identities. *See, e.g.*, *Doe v. Phila.*, No. 23-0342, 2023 WL 4110064, at *3 (E.D. Pa. June 21, 2023) (holding that plaintiff's "fear of substantial public stigmatization and backlash . . . given her detailed allegations of sexual assault at the hands of a law enforcement agent" weighed in favor of anonymity); *Doe v. Schuylkill Cnty. Courthouse*, No. 21-477, 2022 WL 1424983, at *8 (M.D. Pa. May 5, 2022) (finding that fear of stigmatization and ongoing embarrassment and humiliation is "a consideration which has been held to weigh in favor of anonymity for plaintiffs who have alleged they were sexually harassed or assaulted"); *Doe v. Lund's Fisheries, Inc.*, 2020 WL 6749972, at *2 (D.N.J. Nov. 17, 2020) (finding that plaintiff's status as an alleged victim of sexual assault demonstrates "substantial grounds to support his fear of public disclosure"); *Princeton Univ.*, 2020 WL 3962268, at *3 (granting motion to proceed under a pseudonym where plaintiff was alleged victim of sexual assault and noting that "victims of sexual assault have been deemed members of a vulnerable class worthy of protected status"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting motion to proceed under pseudonym where plaintiff claimed to have been sexually assaulted by defendant state trooper).

20. Here, Plaintiffs have alleged that Christine Roe, a minor, was the victim of a sexual assault that was surreptitiously recorded. Compl. ¶¶ 34-37. The video was then broadcast over the internet, causing Christine Roe to have a mental breakdown and attempt suicide. *Id.* ¶¶ 38-41. After

6

the broadcast, Christine Roe's family members, including her parents Sara and Roland Roe, and siblings, Michael, Gina, and Andrea Roe, were harassed by other students at Penns Grove High School. *Id.* ¶¶ 47-50, 65-66. Plaintiffs further allege that Defendants' campaign to harass Plaintiffs led to the physical assault of Michael Roe. *Id.* ¶ 54. Given the reasonable and well-founded fear of ongoing stigmatization, embarrassment, and humiliation to Christina Roe, her siblings, and her parents, anonymity is appropriate.

21.     <u>Third</u>, the Court must consider the "magnitude of the public interest in maintaining the confidentiality of the litigant's identity[.]" *Megless*, 654 F.3d at 409 (quotation omitted). This factor supports anonymity if "other similarly situated litigants [would] be deterred from litigating claims that the public would like to have litigated[]" if they could not proceed pseudonymously. *Id.* There is a "public interest in preserving the courage to sue." *Del. Valley Aesthetics, PLLC v. Doe 1*, No. 20-456, 2021 WL 2681286, at *2 (E.D. Pa June 30, 2021); *see also Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019) ("There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs."); *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. May 28, 2014) (citing *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights")).

22.     According to the present Complaint, as a result of the broadcast of the surreptitiously recorded sexual assault, Christina Roe suffered mental breakdown, her parents and siblings were subject to harassment, and her brother Michael Roe was physically attacked. *Id.* ¶¶ 47-50, 54, 65-66. Absent an ability to proceed anonymously, other similarly-situated victims of sexual assault may be discouraged from pursuing lawsuits. Therefore, this factor also weighs in favor of anonymity.

23.     Fourth, the Court must examine the public's interest, if any, in ascertaining Plaintiffs' identities. *See Megless*, 654 F.3d at 409 (quotation omitted). Plaintiffs here are private citizens litigating highly-sensitive issues. Although some of the Defendants—*i.e.*, the School District and its employees—are public figures, the public's ability to monitor the litigation will remain unimpeded. Plaintiffs' Motion only seeks to (1) allow Plaintiffs to maintain confidentiality over their own identities, and (2) permit Plaintiffs to file the verification under seal. *See generally* Pls.' Mot. The remainder of the docket will remain public. As such, the use of a pseudonym will "not interfere with the public's right or ability to follow the proceedings." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997).

24.     Fifth, the Court must consider the "undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified[.]" *Megless*, 654 F.3d at 409 (quotation omitted). Here, Plaintiffs have proffered that if their request to proceed anonymously is denied, "Plaintiffs will not be able to pursue their remedy in this forum because CHRISTINE ROE is a childhood sexual assault survivor who has legitimate concerns for her safety and mental well-being if the matter is public." Compl. ¶ 81. Giving credence to this allegation, the Court finds the fifth factor favors anonymity. *See Oshrin*, 299 F.R.D. at 104 (finding fifth *Megless* factor satisfied by a complaint's proffer that plaintiff's willingness to pursue her claims would be inhibited by denial of anonymity).

25.     Finally, the last *Megless* factor in favor of anonymity asks, "whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 409 (quotation omitted). The Complaint alleges that, "Plaintiffs do not have any illegitimate or ulterior motive to proceed confidentiality; their desire is consistent with Congress' recognition that sexual abuse survivors [as set forth in 15 U.S.C. § 6851] should be able to litigate their claims of abuse confidentially." Compl. ¶ 82. As Plaintiffs have provided the Court with valid reasons in support of

their request to proceed anonymously, and Defendants have put forth no allegations or evidence of any nefarious motives, this factor has no bearing on the Court's analysis.

26. Turning next to the *Megless* factors that weigh against anonymity, the Court finds that these factors "do not tip the balance" against Plaintiffs' Motion. *Rutgers*, 2019 WL 1967021, at *4.

27. First, although there is a "universal public interest in access to the identities of litigants," *Megless*, 654 F.3d at 411, "this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. July 14, 2006).

28. Second, the Court must consider "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[.]" *Megless*, 654 F.3d at 409 (quotation omitted). There is not. "[T]he subject matter of this litigation [sexual assault] is common . . .[and] Plaintiffs [are] not [] public figure[s]," thus creating no heightened public interest. *Doe v. New Jersey*, No. 24-9531, 2024 WL 4880260, at *4 (D.N.J. Nov. 25, 2024).

29. Finally, the Court notes that neither the Defendants, the public, nor the press have expressed opposition to Plaintiffs' Motion. Therefore, this factor has no bearing on the analysis.

30. Overall, the Court finds that the balance of the *Megless* factors weighs heavily in favor of allowing Plaintiffs to proceed through use of pseudonyms and sealing the verification of the Complaint. The delicate factual circumstances alleged in this case, combined with the lack of any particularly enhanced public interest in the litigants, outweigh the importance of fully open judicial proceedings. Therefore,

**IT IS** this **5th** day of **March 2025**,

**ORDERED** that Plaintiffs' Motion to Proceed by Pseudonym and to permit the filing of the verification under seal, ECF No. 3 is **GRANTED**.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.