THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

SARA ROE, et al.,

        Plaintiffs,

v.

PENNS GROVE-CARNEY'S POINT
REGIONAL SCHOOL DISTRICT, et al.,

        Defendants.

Civil No. 24-10827 (CPO/EAP)

## MEMORANDUM ORDER

This matter comes before the Court on the Motion for Appointment of *Pro Bono* Counsel, ECF No. 49, filed by *pro se* Defendant Jackie Doe.  No opposition has been filed.  The Court exercises its discretion to decide Defendant Jackie Doe's Motion without oral argument.  *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1.  For the following reasons, Defendant Jackie Doe's Motion is **GRANTED**.

## BACKGROUND

On November 29, 2024, Plaintiffs Sara Roe and Roland Roe, individually and on behalf of their minor children C.R., M.R., G.R., and A.R., initiated this action.  ECF No. 1 (Compl.)  On February 6, 2026, Plaintiffs filed their First Amended Complaint, naming as defendants Penns Grove-Carney's Point Regional School District, Penns Grove-Carney's Point Board of Education, Zenaida Cobian, Abner Mendoza, Anwar Golden, Jason Brice, Eva DiMauro, Allison Venello, Danielle Barbato, Lisa Niezgoda, Edward Doe, Liam Doe, and Jackie Doe.[1]  ECF No. 65 (Am. Compl.).  Plaintiffs' Amended Complaint alleges, in part, that Defendants Liam Doe and Edward

---

[1]  The Amended Complaint also names additional fictitious parties, including John Does 1-10, who are the unidentified parents or guardians of Edward Doe.

Doe lured minor Plaintiff Christine Roe into an empty high school classroom and forced her to perform oral sex while they recorded the event. *Id.* ¶¶ 45-48. The video was then disseminated over the internet. *Id.* ¶ 49. The Amended Complaint asserts, among other things, that Jackie Doe, who is Liam Doe's mother, paid for and arranged for the equipment used to record the event, and that Jackie Doe owed a duty to supervise her son. *Id.* ¶¶ 53, 106.

Plaintiffs further allege that students in school began to harass all members of the Roe family, leading to anxiety, stress, embarrassment, and humiliation. *Id.* ¶¶ 50, 58, 60-61. The Roes sought assistance from school staff, but these Defendants allegedly failed to take action to protect the family, which worsened the situation. *Id.* ¶ 62. In addition, according to Plaintiffs, Edward and Liam Doe continued to harass the Roe family through social media, physical abuse, and verbal harassment. *Id.* ¶ 66. The School District allegedly refused to provide the children with accommodations, while retaliating against Michael Roe by subjecting him to unwarranted discipline. *Id.* ¶¶ 71-73. Plaintiffs claim that all of this conduct "led to severe emotional distress" of Plaintiffs, which required counseling. *Id.* ¶ 74.

On October 30, 2025, Defendant Jackie Doe, who is currently proceeding *pro se* in this matter, moved for the appointment of *pro bono* counsel, *see* ECF No. 49 ("Def. Doe's Mot."). In connection with that Motion, Ms. Doe also applied for *in forma pauperis* status under 28 U.S.C. § 1915(a), as a precondition to the appointment of counsel, ECF No. 50. The Court issued a Report and Recommendation on December 5, 2025, recommending that Ms. Doe be granted *in forma pauperis* status. ECF No. 60. On January 5, 2026, the District Judge adopted that Report and Recommendation, ECF No. 63, rendering Ms. Doe's *pro bono* counsel motion ripe for review.

## DISCUSSION

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Nevertheless, Congress has

granted district courts statutory authority to "request" appointed counsel for indigent civil litigants. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel").  The United States Court of Appeals for the Third Circuit has interpreted § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The decision to appoint counsel may be made at any point in the litigation and may be raised by a district court *sua sponte.  Id.* at 156.

In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. *Id.* at 155-58.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron*, 6 F.3d at 155; *see also Parham*, 126 F.3d at 457.  If a claimant overcomes this threshold hurdle, the district court should consider a number of additional factors in assessing a claimant's request for counsel, including: (1) the party's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the party to pursue investigation; (4) the party's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.  "[T]his list of factors is not exhaustive, but instead should serve as a guidepost for the district courts." *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155).  In addition, the Third Circuit cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Id.* (citing *Tabron*, 6 F.3d at 157); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (same).

Here, without engaging in an extensive analysis of the Amended Complaint's substantive merit or Ms. Doe's Answer to the original Complaint, the Court will assume—solely for the purpose

3

of this Motion—that Ms. Doe has satisfied her threshold burden of presenting a defense with some merit in fact and law.  Plaintiff brings various causes of action against Ms. Doe in connection with her and her son's role in the events giving rise to this suit.  *See generally* Compl.  In her Answer to the original Complaint, Ms. Doe denies all allegations of wrongdoing against her and her son and asserts that at the time of the incident, she was at work and entrusted the care of her child to the school's supervision.  ECF No. 40 (Def. Jackie Doe's Answer).  Taken as true, Ms. Doe's Answer could potentially provide a complete defense to the claims against her.  Accordingly, the Court turns to the question of whether appointment of counsel is warranted under the *Tabron* factors.

The first *Tabron* factor requires an evaluation of whether the litigant is capable of presenting his or her own case.  *Montgomery*, 294 F.3d at 501.  This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action.  *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007).  This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience.  *Tabron*, 6 F.3d at 156.  This factor constitutes "[p]erhaps the most significant of *Tabron*'s post-threshold factors."  *Montgomery*, 294 F.3d at 501.

A review of the record indicates that Ms. Doe is a single mother with no legal experience.  Def. Doe's Mot. at 3.  More importantly, as the Court has observed during status conferences, Ms. Doe speaks primarily Spanish, with limited comprehension of the English language.  Ms. Doe's inability to comprehend and express herself in English suggests that she will be significantly hampered in her ability to pursue her defense.  Thus, this factor weighs in favor of appointing counsel. *See Hernandez v. Montoya*, No. 16-4592,  2018 WL 4676042, at *3 (D.N.J. Sept. 27, 2018) (noting that the plaintiff's assertion that he does not speak English weighs in favor of appointment of counsel) (citing *Valdez v. Flax*, No. 17-3848, 2018 WL 276906, at *4 (D.N.J. Jan. 3, 2018); *Perez v. Hauck*, No. 07-5685, 2008 WL 797054, at *4 (D.N.J. Mar. 20, 2008)).

The second factor concerns the complexity of the legal issues presented in the case. Courts should lean toward appointment of counsel when the legal issues are complex. *Tabron*, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." (quotation omitted)). Here, the claims against Ms. Doe and her son involve a cause of action under the Violence Against Women Act Reauthorization Act ("VAWA") of 2022, 15 U.S.C. § 6851, Am. Compl. at Count Two; a claim for sexual abuse/battery, *id.* at Count Three; a claim of extreme and outrageous harassment and conduct, *id.* at Count Four; a claim that Defendants School District, Board of Education, and the School District employees owed a duty to protect students, knew or should have known of the risk that Edward Doe and/or Liam Doe would sexually abuse Plaintiff C.R. if left unsupervised, failed to take reasonable or minimal steps to prevent that abuse, acted with gross negligence or willful disregard for student safety, and failed to implement or follow policies designed to prevent such harm, *id.* at Count Five; and a claim that Ms. Doe, as Liam Doe's parent, and Edward Doe's parent(s) failed to supervise their children and provided them with equipment to create child pornography, *id.* at Count Six. "There is scarce caselaw interpreting the recently enacted VAWA provision at issue, 15 U.S.C. § 6851. Analyzing a new statute will require determining congressional intent, which primarily entails interpreting a statute's plain language but also, potentially, the statute's purpose and legislative history." *Tille v. Kaplan*, No. 25-14903, 2025 WL 2779183, at *3 (D.N.J. Sept. 30, 2025) (citing *Nichols v. Knight*, No. 22-5808, 2023 WL 8751265, at *3 (D.N.J. Dec. 18, 2023)). "Navigating a new statute can be challenging even for an experienced lawyer, let alone a self-represented litigant." *Id.* Given the novel issues of law present, the Court finds that the second *Tabron* factor weighs in favor of the appointment of counsel.

The third factor focuses on the degree and/or difficulty of any expected factual investigation the case may require, and the ability of the movant to conduct such an investigation. *Tabron*, 6 F.3d at 156. Claims that are likely to "require extensive discovery and compliance with complex

discovery rules" may warrant the appointment of counsel. *Id.* Here, given the multitude of Defendants involved, together with the sensitive allegations lodged by Plaintiffs, the Court anticipates that this case will involve fairly onerous factual discovery. As such, the third *Tabron* factor weighs in favor of the appointment of counsel.

The fourth factor focuses on the likelihood that a case will turn on credibility determinations. *Tabron*, 6 F.3d at 156. Because most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor, a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 156 (citation omitted). Here, this case has significant potential to turn on credibility determinations, particularly pitting Ms. Doe's son's version of the relevant events against that of Plaintiff Christine Roe. Indeed, Ms. Doe's Answer expressly "den[ies] all allegations of negligence or wrongdoing" against her and her son. Jackie Doe Answer ¶ 2. The Court finds that the fourth *Tabron* factor weighs in favor of appointment of counsel.

The fifth factor considers the extent to which expert testimony may be required. *Tabron*, 6 F.3d at 156. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Id.* In particular, where claims of mental and emotional distress are involved, a plaintiff "may potentially rely on expert testimony to demonstrate damages." *Bellazzin v. L'Oreal USA*, No. 24-6278, 2024 WL 3409446, at *3 (D.N.J. July 14, 2024); *see also Montgomery*, 294 F.3d at 498 (holding that "expert testimony is necessary when the seriousness of injury or illness would not be apparent to a layperson." (quotation omitted)).

Here, Plaintiffs have alleged emotional distress and post-traumatic stress disorder resulting from the events at issue. *See generally* Compl. ¶¶ 39, 47, 49-50, 55, 63. Additionally, during status conferences, Plaintiffs' counsel has expressed the potential to rely on experts, which in turn would require Ms. Doe to obtain rebuttal expert testimony. Because the precise role of experts remains

unknown at this juncture, the Court finds that the fifth *Tabron* factor weighs only slightly in favor of the appointment of counsel.

The final *Tabron* factor considers whether the litigant is financially capable of retaining his or her own counsel. *Parham*, 126 F.3d at 461. Ms. Doe alleges that although she recently started working, she is a single mother with two sons—aged seventeen and twelve—for whom she is financially responsible, and that most of her income is used to pay for her home mortgage, car loan, and basic living expenses. Def. Doe's Mot. at 3; ECF No. 60 (R&R) at 3. Ms. Doe also receives SNAP benefits. *Id.* This Court has already granted Ms. Doe *in forma pauperis* status, noting that even the combination of her income and SNAP benefits results in her operating in the negative. ECF No. 60 (R&R) at 2-3; ECF No. 63 (Order Approving R&R). Given these circumstances, and Ms. Doe's obvious inability to pay for a private attorney, the last *Tabron* factor favors appointment of counsel.

### CONCLUSION

Because five of the six *Tabron* factors weigh heavily in favor of *pro bono* counsel and one of the six leans slightly in favor, the Court finds that Ms. Doe has sufficiently established a need for the appointment of counsel. Given the complexity of this case, together with Ms. Doe's lack of English proficiency and financial inability to secure counsel, the overall progress of this case will benefit from the appearance of trained legal counsel on Ms. Doe's behalf. Accordingly, for all the foregoing reasons,

**IT IS** this **10th** day of **February 2026**,

**ORDERED** that Defendant Jackie Doe's Motion to Appoint *Pro Bono* Counsel, ECF No. 49, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall select an attorney for appointment from the Civil Pro Bono Panel, in accordance with procedures set forth in Appendix H, Local Rules for the

United States District Court for the District of New Jersey.  However, while the Court has granted Ms. Doe's Motion and is directing that an attorney be selected, the Court cautions Ms. Doe that there is no guarantee that an attorney will be willing to accept Ms. Doe's case; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Defendant Jackie Doe's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was mailed.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.

8